TERM OF 1901-1902. 699

Stove & Range Co. et als. vs. Rice & Son et als.

No. 14,455.

CHARTER OAK STOVE AND RANGE COMPANY ET ALS. VS. HENRY RICE
& SON ET ALS.

### SYLLABUS.

Where the certificate of the clerk shows that the transcript has been made up
under specific instructions from the appellant, and, notwithstanding the
protest of the appellee, contains only such matter as the appellant has
directed him to include, the appeal will be dismissed.

APPEAL from the Civil District Court, Parish of Orleans—
*Sommerville, J.*

*Dinkelspiel & Hart,* for Receiver, Appellee.

*Philip Gensler, Jr.,* and *Walter Scott Lewis,* for Opponents, Appellants.

### ON MOTION TO DISMISS APPEAL.

The opinion of the court was delivered by

MONROE, J. The receiver for Henry Rice & Son, appellee herein,
moves to dismiss the appeal taken by the Thomas Evans Co., and
others, from a judgment dismissing their oppositions to the receiver's
final account. The grounds alleged are (1), that the appeal was taken
by petition at a term of the court subsequent to that at which the
judgment was rendered, and that no citations were asked for, or
issued; and (2), that the transcript was made up under specific instruc-
tions from the counsel for the appellants, and is incomplete, in that
it fails to include portions of the record and evidence necessary to a
proper consideration and decision of the case.

Pretermitting the first ground, the second is obviously well taken.
The certificate attached to the transcript reads:

"I, William B. Murphy, deputy clerk, * * * do hereby certify
that the foregoing fifty-four pages do contain a true, correct and com-
plete transcript of all *that portion* of the proceedings had, documents
filed and evidence adduced, upon the trial of the oppositions * * *
*required to be included therein,* as per letter of instructions of Messrs.
Merrick & Lewis, attorneys for appellants, to the clerk of the court,
filed May 8, 1902, and copied in said transcript, * * * and,
further, that a letter from Messrs. Dinkelspiel & Hart, attorneys for

George Fuchs, receiver, appellee, * * * protesting against his (clerk's) certifying to any transcript in this case, unless it is the full transcript, was filed May 8, 1902, and is copied in said transcript."

The letter from the appellant's counsel to which this certificate refers gives specific instructions as to what should be included in the transcript. *This court is, therefore, confronted with the proposition, that it shall undertake to determine a case on appeal upon so much of the pleadings and evidence as the appellants have thought proper to bring up.* If, however, this proposition should be adopted as a rule of practice, and the appellants should be left, in all cases, to select, at discretion, the material of which the transcripts of appeal are to be composed, the appellees are likely to fare badly. In the instant case, the transcript contains no evidence that may have been offered in support of the account, nor does it contain the opposition of the State Tax Collector, which was maintained by the judgment appealed from. And counsel for the appellee say in their brief:

" The opposition of the Thomas Egan Company, which was the only one filed before the court ordered a partial distribution, was leveled, principally, at an item on the account to the credit of A. Baldwin & Company, Limited. To prove up this item, the record was absolutely essential, showing why the credit was allowed to this company, and how it was arrived at. And so, to prove up the claims of the ordinary creditors on the account, the previous action of the court, recognizing their claims, was necessary. As to the notary's fees and appraisers' fees, the inventory and appraisement were necessary. As to the auctioneer's charges, the orders of court, the *proces verbal* of sales and the auctioneer's bills were necessary. As to the receiver's fees, and other charges, other proceedings, where same had been incidentally passed upon, were necessary," etc.

There is no satisfactory answer to be made to this, nor do the authorities relied on by counsel for appellants meet, or refer to, the proposition here involved. They deal exclusively with rulings as to the admissibility and sufficiency of evidence, and do not pretend to hold that an appellee on whose behalf evidence has been admitted can be denied the benefit thereof on appeal, or that it is within the discretion of an appellant to have a case decided in this court upon a transcript made up of material selected exclusively by him.

It is therefore, ordered, adjudged and decreed that this appeal be dismissed at the cost of the appellants.

**Rehearing refused.**